UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 07-182** |
| **TERRY BOOTY** | **SECTION "I"** |

### ORDER AND REASONS

Before this Court is the motion of defendant, Terry Booty ("Booty"), to vacate, set aside, or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Booty's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

*BACKGROUND*

On October 19, 2007, the government charged Booty in one count of a four-count superseding indictment with conspiring to distribute and conspiring to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 846.[1] According to Booty's submissions to the Court, between November 2007 and May 2008, and before his June 2, 2008 trial began, he and his lawyers engaged in plea discussions with the government.

According to Booty, the government initially "offered to allow [Booty] to plead guilty to count 1 of [the superseding indictment] and receive a ten (10) year sentence if [Booty] cooperated."[2] However, Booty asserts he rejected the government's offer. In doing so, Booty maintains that he "denied the extent of his involvement in the charged offense [and] expressed his desire to receive the best sentence possible and his unwillingness to provide any information

---

[1] R. Doc. No. 77.
[2] R. Doc. No. 473, pg. 15.

1

on [his] family members."[3]  According to Booty's § 2255 motion, his lawyers conveyed the above-mentioned plea deal to Booty on at least six occasions before his trial.  As Booty states:

> [I]t was constantly explained to [Booty] that in order for him to get the safety valve reduction or a §5K1.1 motion he would have to provide all the information he had on others which included his family.  This point of concern came about due to [Booty's] suggestion that he may cooperate but, he would not cooperate to the extent that he would have to implicate his family.  Thus, it was [Booty's] understanding that he had to fully cooperate or there was no deal to be had with the government.
>
> Fn2. [Booty] also expressed to his counsel's [sic] that he would not testify against his supplier, Mr. Martinez, because his understanding of their organization was that they would seek to do harm to [Booty] and his family if they knew he told on them.  [Booty] expressed repeatedly to counsel because the Government continued to aks [sic] for [Booty's] "connect" in California.[4]

As such, Booty rejected the government's plea deal.

On May 30, 2008, the government filed an information pursuant to 28 U.S.C. § 851 to establish Booty's prior conviction for distribution of marijuana.[5]  As stated, Booty proceeded to trial on June 2, 2008 and on June 3, 2008, a jury found Booty guilty with respect to count one of the superseding indictment.  On November 13, 2008, this Court sentenced Booty to a term of 240 months imprisonment.

Booty filed a timely notice of appeal to the United States Fifth Circuit Court of Appeals.  The Fifth Circuit denied Booty's appeal on October 6, 2009.  On December 7, 2010, Booty timely filed the present motion to vacate, set aside, or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255.[6]  The government responded to such motion on January 13, 2011.  On March 11, 2011, Booty filed a reply to the government's response.

---

[3] *Id.*
[4] R. Doc. No. 473, pg. 17.
[5] R. Doc. No. 279.
[6] R. Doc. Nos. 455, 473.

In his § 2255 motion, Booty makes three arguments.  First, Booty asserts that, "he was denied his Sixth Amendment right to effective assistance of counsel during the pre-trial (plea negotiation) phase of his criminal proceedings when his trial counsel failed to consult with, (advise and inform) [sic], [Booty] on other available plea options then [sic] the two options presented to [Booty] by trial counsel."[7]  According to Booty, his trial counsel should have advised him that he could "enter[] an 'open plea' pursuant to Federal Rules [sic] of Criminal Procedure, Rule 11(a)."[8]  Booty alleges that he could have pled guilty as charged to the superseding indictment without a plea agreement.  Additionally, Booty contends that his trial counsel "could have sought a plea bargain with the Government whereby [Booty] could provide limited cooperation."  Alternatively, Booty asserts that his trial counsel "could have sought a plea bargain with the Government whereby [Booty] would not have to cooperate at all."  Booty maintains that his trial counsel rendered ineffective assistance of counsel when he failed to advise him of these options.

Second, Booty maintains that, "he was denied effective assistance of counsel when his trial counsel failed to 'present [Booty's] counter-offer' to plead guilty with limited or with no cooperation at all."[9]  Third, Booty argues that he received ineffective assistance of counsel because his trial counsel "failed to timely file a motion for dismissal of count one of his indictment . . . due to the insufficiency of count one."[10]

## *LAW AND ANALYSIS*

**I. OVERVIEW OF § 2255**

---

[7] R. Doc. No. 473, pg. 14.
[8] *Id*. at 10.
[9] *Id*.
[10] *Id*. at 28.

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2008); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)). A federal prisoner cannot assert a non-constitutional claim on collateral attack if he did not raise it on appeal. *Davis v. United States*, 417 U.S. 333, 345-46 n.15 (1974). Unlike direct appeals, motions under § 2255 reach only errors of constitutional or jurisdictional magnitude. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

"[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction...." *United States v. Hayman*, 342 U.S. 205, 222-23, 72 S. Ct. 263, 274, 96 L. Ed. 232 (1952). If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United*

*States*, 373 U.S. 334, 339, 83 S. Ct. 1236, 1239, 10 L. Ed. 2d 383 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

A federal prisoner is barred from asserting non-constitutional claims on collateral attack if the claims were not raised on direct appeal. *Davis v. United States*, 417 U.S. 333, 345-46 n.15 (1974). Federal habeas review under Section 2255 only reaches errors of constitutional or jurisdictional magnitude. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The standard for judging the performance of counsel was established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland,* the Court established a two-part test for evaluating claims of ineffective assistance of counsel that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Strickland,* 466 U.S. at 697. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

The Supreme Court pointed out that "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. Under Fifth Circuit

5

jurisprudence, a reviewing court must strongly presume that counsel exercised its reasonable professional judgment. *Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986) (internal citation omitted).  Further, "second-guessing is not the test for ineffective assistance of counsel." *King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir. 1989).  An attorney's strategic choices, usually based on information supplied by the defendant and gathered from a thorough investigation of the relevant law and facts, are virtually unchallengeable. *Strickland,* 466 U.S. at 691.  "It is not enough to show that some, or even most, defense lawyers would have handled the case differently." *Green v.Lynaugh*, 868 F.2d 176, 178 (5th Cir.1989).  Any failure on the part of the attorney must be specifically pleaded and proven. *Knighten v. Maggio*,740 F.2d 1344, 1349 (5th Cir. 1984); *see also Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("Mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").  Further, an attorney's failure to raise a meritless argument cannot serve as the basis of a successful ineffective assistance of claim because the result of the proceeding would not have been different had the attorney raised the issue. *Kimler*, 167 F.3d at 892.

On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will 'indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." *Moore v. Johnson,* 194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland,* 466 U.S. at 689). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. *Strickland,* 466 U.S. at 689; *Neal v. Puckett,* 286 F.3d 230, 236-37 (5th Cir. 2002). "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of

6

reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone,* 535 U.S. 685, 701 (2002) (citing *Strickland,* 466 U.S. at 689). Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. *Strickland,* 466 U.S. at 689.

The second prong of the *Strickland* test looks to the prejudice caused by counsel's deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *United States v. Mullins,* 315 F.3d 449, 456 (5th Cir. 2002) (*quoting Strickland,* 466 U.S. at 687). "[T]he defendant must show that counsel's errors were prejudicial and deprived defendant of a 'fair trial, a trial whose result is reliable.' " *United States v. Baptiste,* No. 98-207, 2007 U.S. Dist. LEXIS 21388, at *11 n. 6, 2007 WL 925894 (E.D .La. Mar. 26, 2007) (Engelhardt, J.) (quoting *Strickland,* 466 U.S. at 687). "This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors." *Id.*

A defendant must satisfy both prongs of the *Strickland* test in order to be successful on an ineffective assistance claim. *See Strickland,* 466 U.S. at 697. There is no reason for a court deciding an ineffective assistance of counsel claim to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs "that course should be followed." *Id.*

### III. BOOTY'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Assuming, without deciding, that Booty's trial counsel was deficient for failing to alert Booty to the alleged plea alternatives described above, Booty has not demonstrated resulting prejudice under *Strickland*.[11] First, Booty's § 2255 motion unequivocally indicates that he

---

[11] The Court makes no factual finding with respect to whether Booty's trial counsel did or did not discuss such options with Booty.

would not have been safety valve eligible. 18 U.S.C. § 3553(f)(1)(5) states that a defendant is eligible for a reduction in a mandatory minimum sentence only if he:

> has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.[12]

As stated, Booty admits that he was utterly unwilling to provide any information to the government with respect to his family members' involvement in the crime or with respect to his drug supplier. As such, Booty would not have been safety-valve eligible and the Court could not have sentenced Booty to a term of imprisonment below the statutory mandatory minimum

In turn, Booty offers nothing other than pure speculation that the government would not have filed a 21 U.S.C. § 851 information to establish his earlier drug conviction in the event that Booty had pled guilty as charged to the superseding indictment without a plea agreement, had offered to provide only limited cooperation to the government, or had refused to cooperate with the government.[13] Although Booty seeks an evidentiary hearing "to determine whether the Government would have been interested in the information that [Booty] could provide through his limited cooperation," in this instance an evidentiary hearing "would serve as nothing more than a fishing expedition." *United States v. Edwards*, 442 F.3d 258, 368 n.10 (5th Cir. 2006); *see also United States v. Franks*, 397 F. App'x 95, 101 (5th Cir. 2010). The Fifth Circuit does not allow this. *See Edwards*, 442 F.3d at 368 n.10; *see also Franks*, 397 F. App'x at 101.

Incorporating his allegations from his ineffective assistance of counsel claim, Booty also alleges that "at no time, at least as far as he knows, did his trial counsel(s) present any counter-

---

[12] 18 U.S.C. § 3553(f)(5).
[13] See R. Doc. No. 480, pg. 5.

offer to the Government to resolve the case against the Movant and allow Movant to receive a reduction in his sentence."[14]  Even assuming, without deciding, that Booty's counsel was ineffective for failing to present a "counter-offer" to the government, Booty suffered no *Strickland* prejudice because such failure would have had no effect on the mandatory minimum sentence Booty received.  As stated above, Booty admits that he was unwilling to truthfully provided to the government all information and evidence he had concerning his offense.  Accordingly, Booty was not safety-valve eligible.  Additionally, as stated, Booty offers nothing but pure speculation that the government would have refrained from filing an information to establish Booty's previous drug conviction in the event that Booty provided anything less than full cooperation to the government.

Finally, Booty claims "that count one of his indictment is 'so vague' that it fails to apprise him, with any degree of certainty, of the nature of the accusations against him."[15]  As such, Booty alleges that his trial counsel was ineffective for failing to "timely challenge under Rule 12(b)(2) of Fed. R. Crim. Pro. [sic] to the sufficiency of count one."[16]

As the Fifth Circuit has stated, "[a]n indictment charging a violation of 28 U.S.C. § 846 is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated . . . ."  *United States v. Hultgren*, 713 F.2d 79 (5th Cir. 1983) (internal quotation marks and citation omitted).  Count one of the superseding indictment in this case unambiguously satisfies such requirements.[17]

---

[14] R. Doc. No. 473, p.25.
[15] R. Doc. No. 437, p. 29.
[16] *Id.* at 29.
[17] Count one of the superseding indictment states:

> Beginning at a time unknown, but prior to August 25, 2005, and continuing thereafter to a time unknown, but at least until on or about May 17, 2007, in the Eastern District of Louisiana and elsewhere, the defendants, CHARLES BOURG, a/k/a "Trey," JERRY SANCHEZ, BRIAN BURTON, TERRY BOOTY, ZACHARY ZAMORANO, JOHN

A motion challenging the sufficiency of count one of the superseding indictment would have been meritless. Accordingly, Booty's trial counsel was not ineffective for failing to file a motion challenging the sufficiency of count one of the superseding indictment. *See United States v. Kimler,* 167 F.3d 889, 892 (5th Cir. 1999) (an attorney's failure to raise a meritless argument cannot serve as the basis of a successful ineffective assistance of claim because the result of the proceeding would not have been different had the attorney raised the issue).

## *CONCLUSION*

Accordingly, **IT IS ORDERED** that Booty's motion to vacate, set aside, or correct his sentence and/or conviction pursuant to 28 U.S.C. § 2255 is **DENIED** and that Booty's motion is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March \_\_\_23rd\_\_\_, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

LANCON, LUKE LEMUS, JAMIE ACCOMANDO, TODD BORNE, MELISSA MICHEL, CHRISTOPHER JOHNSON, JEFFERY BONIN, TYSON DEMAHY, and TONY RAY McKINNEY, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons unknown to the Grand Jury, to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); all in violation of Title 21 United States Code, Section 846.

R. Doc. No. 77, pgs. 1-2.